OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | |
|---|---|
| OPINION : | No. 90-892 |
| of : | |
| : | October 31, 1990 |
| JOHN K. VAN DE KAMP : | |
| Attorney General : | |
| : | |
| ANTHONY S. DA VIGO : | |
| Deputy Attorney General : | |
| : | |

HECTOR VARELA, PRESIDENT OF THE BOARD OF EDUCATION, BASSETT UNIFIED SCHOOL DISTRICT, relator herein, has requested this office to grant leave to sue EDWARD L. CHAVEZ in quo warranto pursuant to the terms of Code of Civil Procedure section 803. The proposed complaint alleges that Mr. Chavez is unlawfully serving as a board member of the Bassett Unified School District.

CONCLUSION

It is concluded that leave to sue should be GRANTED.

CRITERIA FOR QUO WARRANTO

In deciding whether to grant leave to sue in the name of the People of the State of California, we consider two fundamental principles, which provide the basis for this analysis. First, leave will be granted where there is a substantial question of law or fact which requires judicial resolution. It is not, however, the province of the Attorney General to determine which party should or is likely to prevail. (72 Ops.Cal.Atty.Gen. 8, 9 (1989); 72 Ops.Cal.Atty.Gen. 15, 19 (1989).) Second, leave will be granted where the action in quo warranto would serve the overall public interest of the people of this state. (72 Ops.Cal.Atty.Gen., *supra*, at 19.)

Both of the foregoing principles must be satisfied. (*Id.*, at 20.) As a general rule, however, we have viewed the existence of a substantial question of law or fact which calls for judicial resolution as presenting a sufficient "public purpose" as to warrant the granting of leave to sue; accordingly, leave would be denied only in the presence of other overriding considerations. (73 Ops.Cal.Atty.Gen. 183, 188 (1990).)

MATERIAL FACTS

On December 3, 1987, Edward L. Chavez was elected, qualified, and assumed the office of trustee on the Board of Trustees of the Bassett Unified School District, County of Los Angeles, and does now continue to claim said office.

1. 90-892

On April 17, 1990, Mr. Chavez was elected, qualified, and assumed the office of member of the City Council of the City of La Puente, County of Los Angeles, and does now continue to hold said office.

The Bassett Unified School District has territory in common with the City of La Puente. Two of the district's schools, Bassett High School and Sunkist Elementary School, are situated within the City of La Puente.

LEGAL ISSUE

The principal issue presented is whether the offices of school district trustee and city council member are incompatible, so that upon his assumption of the latter office, the proposed defendant in this action forfeited the former.

ANALYSIS

The application for leave to sue concerns the common law doctrine of incompatible public offices as applied to dual membership on the governing boards of the respective public agencies. The doctrine prevents a person from holding simultaneously two public offices if the performance of the duties of either office could have an adverse effect on the other. (68 Ops.Cal.Atty.Gen. 337, 338-339 (1985).) In 71 Ops.Cal.Atty.Gen. 39, 39-40 (1988), we summarized the following considerations:

"Offices are incompatible, in the absence of statutes suggesting a contrary result, if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either officer exercises a supervisory, auditory, or removal power over the other. (38 Ops.Cal.Atty.Gen. 113 (1961); see generally, People *ex rel* Chapman v. Rapsey (1940) 16 Cal.2d 636, 641-642; 65 Ops.Cal.Atty.Gen. 606 (1982); 64 Ops.Cal.Atty.Gen. 288, 289 (1981); 64 Ops.Cal.Atty.Gen. 137, 138-139 (1981); 63 Ops.Cal.Atty.Gen. 623 (1980); 63 Ops.Cal.Atty.Gen. 607, 608 (1980).)

"The policy set forth in People ex rel Chapman v. Rapsey, *supra*, 16 Cal.2d 636 comprehends prospective as well as present clashes of duties and loyalties. (See 63 Ops.Cal.Atty.Gen. 623, *supra*.)

"Neither is it pertinent to say that the conflict in duties may never arise; it is enough that it may, in the regular operation of the statutory plan. (3 McQuillin, Municipal Corporations (3d Ed. 1973), 12.67, p. 297).

"Only one significant clash of duties and loyalties is required to make offices incompatible. (37 Ops.Cal.Atty.Gen. 21, 22 (1961).) Furthermore, the existence of devices to avoid conflicts neither changes the nature of the potential conflicts nor provides assurance that they would be employed. (38 Ops.Cal.Atty.Gen. 121, 125 (1961).) Accordingly, the ability to abstain when a conflict arises will not excuse the incompatibility or obviate the effects of the doctrine. A public officer who enters upon the duties of a second office automatically vacates the first office if the two are incompatible. (People ex rel. Chapman v. Rapsey, *supra*, 16 Cal.2d 636, 644.)"

We have previously determined that a trustee of a school district governing board holds a public office (73 Ops.Cal.Atty.Gen. 183, 185 (1990), as does a member of a city council (37

Ops.Cal.Atty.Gen. 21, 22 n. 1 (1961); see 65 Ops.Cal.Atty.Gen. 606 (1982)) for purposes of the incompatibility of offices doctrine.

We have also specifically concluded that the offices of school board trustee and city council member are incompatible where the city and the district have territory in common. (65 Ops.Cal.Atty.Gen., *supra*, at pp. 607-608.) A number of potential conflicts were identified in our prior opinion, including:

1. Under the Education Code, contracts between the district and the city are authorized for the following purposes: community recreation (Ed. Code, § 10905); health supervision (Ed. Code, § 49402); library services (Ed. Code, §§ 18134-18136); the sale, lease, or dedication of real property (Ed. Code, §§ 39363.5, 39394, 39470); and the installation of water, sewerage, or other public utilities (former Ed. Code, § 39011; see 73 Ops.Cal.Atty.Gen. 183, 187 (1990)).

2. In eminent domain proceedings, either public body may condemn property of the other where a superior use can be shown. (Code Civ. Proc., § 1240.610.)

3. School districts may dedicate real property to cities for certain public purposes. (Ed. Code, § 39540.)

4. In the establishment of a city master plan, the city may chart the location of future schools. (Gov. Code, § 65302, subd. (a); see 56 Ops.Cal.Atty.Gen. 488 (1973) [offices of county planning commissioner and school trustee are incompatible due to, inter alia, necessity of county to plan for school sites].)

5. City officials are charged with the enforcement of health and safety regulations within the schools. (Health & Saf. Code, §§ 3703, 3802.)

Accordingly, it is determined that the proposed challenge to the claim of Edward L. Chavez to the office of trustee of the Bassett Unified School District is based on substantial grounds.

PUBLIC INTEREST

The public, the Bassett Unified School District, and the City of La Puente have an interest in the undivided loyalty of their elected officers. We find no overriding countervailing considerations in the facts or circumstances presented. The application for leave to sue Mr. Chavez in quo warranto meets the public interest test, and it is therefore granted in accordance with the provisions of Code of Civil Procedure sections 803-810.

\* \* \* \* \*